Milligan, J.,
delivered'the opinion of the court:
This is an action prosecuted by the claimants for the use of Lewis 0. Sands, for the recovery of $1,379 80, which they allege is due them from the defendants, an account of labor and services rendered at the instance of the prize commissioners of the United States District Court for the southern district of New York.
The services, as averred in the petition, were rendered in weighing and gauging portions of the cargoes of the prize steamers Lady Sterling, the Annie, the Armstrong, the Emma, and the schooner Mary ; and the court find the facts to be—
.1. The services appear to have been rendered and bills made out, specifying the amounts and items charged, which foot up as follows:
For the steamer Lady Sterling. $428 55
For the steamer Annie.. 228 00
For the steamer Armstrong. 273 00
For the steamer Emma.. 298 50
For the schooner Mary. 51 75
2. These' vessels and their cargoes were condemned as prizes by the United States District Court for the southern district of New York, but the bills for which this action is now brought were not presented to the court until all the cases were finally disposed of, and the proceeds of the sales paid into the Treasury and regularly distributed according to law.
But after the District Court had thus disposed of the cases, the claimants, under the appropriate affidavits, presented to the court the bills for the steamers Lady Sterling, Armstrong, Annie, and Emma, omitting the bill for the schooner Mary, which was adjusted and allowed by the court; but because, as it appears in the order of the court, there was no money subject to the order of the court in these causes, the costs and expenses so allowed by the court were declared “ a charge upon, and payable out of, the fund for defraying the expenses of suits iu which *411 tbe United States is a party or interested, according to the provisions of the 14th section of' the act£ to regulate prize proceedings and for other purposes,7 approved 30th June, 1864. (13 Stat. L., p. 311.77)
4. The proceeds of the sales of the prizes upon which the bills now sued for were properly chargeable, are shown by the return from the Treasury to have been abundantly large enough to pay all the éxxjenses incident to their condemnation, leaving more than $1,000,000 to be distributed among the captors and covered into the Treasury. , ' '
5. No excuse for not presenting the bills- at an earlier date in the prize court is shown in the record. It is averred in the petition that the original bills were lost or mislaid, but no proof is offered to sustain .this averment or excuse the delay.
It would seem from the case made in the record that there was no difficulty in the way of the payment of this claim. The order of the District Court of New York is made strictly in pursuance to the provision of the 14th section of the act of Congress, approved 30th June, 1864, (13 Stat. L., p. 311,) and the practice of prize courts under it. See Two hundred and eightyu hales of cotton and, other property. (Black Prize Cases, 610.)
In this case the final judgment of the court was for the restitution of the prize property seized, and-consequently there was no money subject to the order of the court out of which the costs could be paid, and therefore they were charged on the fund for defraying the costs of suits in which the United States is aparty or interested.
In the case in hand, the prizes were condemned to forfeiture and sold, and the proceeds distributed before the duplicate bills,, which form the foundation of .this action, were j>resented for adjustment and allowance to the District Court. In such a case, the Statute, (Act of June 30th, 1864, 14th section,) expressly declares, “ When the cause is finally disposed of, the court shall make its order or orders on the Assistant Treasurer to pay the costs and charges allowed and unpaid; and in case the final decree shall be for restitution, or in case there shall be no money subject to the order of the court in the cause, any costs or charges allowed by the court, and not paid by the claimants, shall be charged upon, and paid out of, the fund for defraying the expenses of suits in which tbe United States is a party or interested.77
*412 It is therefore apparent, under the statute, that the same rule prevails, whether the want of funds under the control of the court to pay costs and charges in prize cases results from the restitution of the property seized, or from the distribution of the proceeds of its sale after condemnation of forfeiture. In both cases the statute alike requires the costs and charges, when not paid by the claimants, to be charged on the fund for defraying the expenses of suits in which the United States is a party or interested. . •
The judgment of condemnation, as we infer from the record, was pronounced in the prize court in the cases out of which this claim arises, in the year 1865, and the appropriation “act 25th June, 1864,” (13 Stat. L., p. 152,) sets apart the sum of $500,000 for defraying the expenses of the judiciary for the fiscal year ending June 30, 1865, and for paying “the expenses of suits in which the United States are concerned.”
In this state of the case, it would seem, so far as the fatets are developed in this record, there is nothing in the way of the payment of this claim on the order of the District Court of New York. Its allowance in that court is a. judicial determination of the validity and justice of the claim, and while it remains in force I know no authority that authorizes this court to reverse it. The jurisdiction of the prize court having attached, it is difficult to see why it should not finish the case. But without at present deciding whether we have or have not jurisdiction, we think it best, under the facts, for the present to retain the case, and to send it back to the general docket, with leave to the claimants to take such steps as they may see proper for its payment on the orders of the prize court or in this court.